ANNIE M. DEAN ET AL., DEFENDANTS IN ERROR, v. THE
TOWN OF NUTLEY, PLAINTIFF IN ERROR.

Argued December 4, 1903—Decided May 13, 1904.

Testator devised the remainder of his real estate to his wife for life.
By one clause he devised to his daughters, Sarah and Jane, part
of said real estate, adding "if either of them or both should die
before my wife, Jane, their mother, then their share to be given
to their heirs." By the next clause, he devised to his daughter
Elizabeth other parts of said real estate, adding, "if my said
daughter Elizabeth should die without lawful heirs, then her
share to be equally divided between her brother and two sisters
or their surviving heirs." *Held*, that whatever construction
might be put upon the clause last stated, if read by itself, yet,
when read with the preceding clause, it required the construction
that the estate devised to Elizabeth was subject to be devested
by her death without issue, and upon that event the devise over
took effect.

On error to the Essex Circuit.

The will of John C. Stager, dated October 1st, 1889, contained, among other things, the following:

"I give the remainder of my real estate to my wife, Jane, for her use and benefit during the period of her natural life, and after her decease I give as follows, the said real estate of which I gave my wife Jane the use and benefit during her natural life, viz.:

"*First.* *  *  *

"*Second.* I give to my daughters Sarah and Jane, each an equal one half of a lot which I bought at public sale of Lucinda Kingsland, executrix of Henry I. Kingsland, deceased, containing twelve acres and seventy eight hundredths, being the same more or less, and if either of them or both should die before my wife Jane, their mother, then their share to be given to their heirs.

"*Third.* I give to my daughter Elizabeth the remainder of the woodlot which I purchased of Michael Riper, also my

homestead containing eight acres, being the same more or less, and if my said daughter Elizabeth should die without lawful heirs, then her share to be equally divided between her brother and two sisters or their surviving heirs."

For the plaintiff in error, *Hugh B. Reed*.

For the defendants in error, *Henry W. Egner, Jr.*

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The action, the judgment in which was brought here by this writ of error, was in ejectment, and was tried before the Chief Justice, in the Essex Circuit, without a jury.

The defendants in error, who were the plaintiffs below, claimed title and right of possession to lands included in the third paragraph set out in the prefatory statement, as the surviving heirs of the brother and two sisters of Elizabeth Stager. The town of Nutley claimed title and right of possession by a deed executed by Elizabeth Stager (Shelton) on February 12th, 1891, whereby the lands in question were conveyed to the township of Franklin, which afterward became the town of Nutley. Which of these contentions should prevail evidently required the construction of the will in question with respect to the devise in that clause.

If that clause stood by itself, without anything in the other portions of the will to indicate a contrary intent on the part of the testator, the devise might be open to the construction which has been applied in this state to similar devises. That construction attributes to the testator a design to confer upon the devisee a vested and absolute right if he lives until the happening of the event which gives him a right of possession, and the devise over is defeated even if the devisee dies subsequently without issue. Language similar to that under consideration has been deemed to indicate an intent on the part of testator that the devise over should be

merely substitutional and take effect only if the original devisee had died before the time when he would have come into the possession of the estate devised to him. *Van Houten* v. *Pennington,* 4 *Halst. Ch.* 745; *Baldwin* v. *Taylor,* 10 *Stew. Eq.* 78; *S. C.,* 11 *Id.* 637; *Patterson* v. *Madden,* 9 *Dick. Ch. Rep.* 714; *McDowell* v. *Stiger,* 13 *Id.* 125; *Williamson* v. *Chamberlain,* 2 *Stock.* 373; *Dawson* v. *Schaefer,* 7 *Dick. Ch. Rep.* 341.

Language used in one part of a will which, if read by itself, would justify us in attributing to the testator a particular intent, may be so modified by language in other parts of the will as not to permit the inference of such intent. Such we find to be the case in the will before us.

By the clause immediately preceding the clause in question, the testator devised to his daughters, Sarah and Jane, certain real estate, and added these words: "If either of them or both should die before my wife, Jane, their mother, then their share to be given to their heirs." Here was an express devise over in case of death before the mother. In the next clause, testator devised to his daughter Elizabeth other real estate, with the provision that if she should die without lawful heirs her share should be equally divided between her brother and two sisters, or their surviving heirs. In the former devise the period at which the devise over was to operate is fixed by references to the death of the mother; in the devise under consideration the period at which the devise over was to operate is fixed, not by reference to the death of the mother, but to Elizabeth's own death, when, if she died without issue, the lands were to go to persons who might be then surviving.

From the conjunction of these clauses, the indication is deemed to be unmistakable that the testator did not intend that Elizabeth's share should become absolutely hers at the death of her mother, if Elizabeth was then surviving, and requires us to hold that the estate devised to her was subject to be devested in case she died without lawful heirs—that is, without issue.

This was the view taken by the learned Chief Justice and applied in the case. The town of Nutley claimed its right under a deed from Elizabeth, made after the death of her mother. By that deed the grantee became entitled to the title and interest of Elizabeth. But is was found as a fact, by the Chief Justice, that Elizabeth died after her mother and without issue, no children having ever been born to her. Whatever estate or interest the grantee of Elizabeth acquired in the lands was devested upon the happening of that contingency and the devise over took effect. The plaintiffs below represented those who took under the devise over, and were therefore entitled to succeed in the action. The Chief Justice's conclusions were embodied in an opinion rendered and he thereupon directed judgment to be entered for the plaintiffs.

There being no error discovered, the judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 12.

*For reversal*—None.